FAYETTEVILLE & COLUMBIA TURNPIKE COMPANY *v.* THE STATE.

1. CRIMINAL LAW. *Turnpike company.* The Code, section 4918 (new Code, section 5751), uses the word toll-gate for the road on which the gate is erected, and makes it an indictable offense to fail to keep the road in repair as required by law and the terms of the charter.

2. SAME. *Same.* A turnpike corporation, and its proprietors, may be prosecuted criminally, under the Code, section 4918, for failing to keep the road in proper repair, notwithstanding the provisions of the statute requiring the appointment of superintendents of turnpikes, with power to report upon the condition of the road, and throw open the gates.

FROM LINCOLN.

Appeal in error from the Circuit Court of Lincoln county. J. J. WILLIAMS, J.

W. B. LAMB and J. D. TILLMAN for Turnpike Company.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

Appeal in error from a verdict and judgment of con-

viction for not keeping a turnpike road in proper repair. The indictment contains three counts, one against the turnpike corporation for failing to build a bridge over Backman's creek, across which the turnpike road passes; another count is against the president, secretary, treasurer and directors of the corporation for the same offense; and the third count is against the corporation for not building a culvert or other crossing over a particular ditch across which the road passes. The verdict was general that the defendants were guilty as charged in the indictment.

There was a motion made by the defendants to quash the indictment, upon the ground that it did not contain the necessary averments to constitute the offense charged.    We learn from the brief, and argument submitted on behalf of the appellants, as well as from the opinion of the trial judge on the motion to quash, which is copied into the record, that the point of the objection was that an indictment would not lie against the company for a failure to keep its road in repair until the superintendent of {turnpikes, required to be appointed by the county court each year by the act of 1877, chapter 101 (new Code, section 1465, *et seq.*), had reported upon the condition of the road. And the position seems to be well taken, if the indictment had been based upon the third section of the act of 1877 (new Code, section 1483). For that section makes the corporation indictable for failing to keep the road in repair " as required by this act, and the report of the county superintendent." But there has been long on the statute book a general law, brought into the

Code, section 4918 (new Code, section 5751), expressly prohibiting any person or body corporate, privileged by any act of Assembly to open and keep in repair any toll-bridge or toll-gate, to fail or refuse to put and keep the same in repair, "as prescribed by law or in the act of incorporation," and making the failure an indictable offense, punishable by fine. And it was held at an early day, upon the original statutes afterward brought into the Code, that the legislation was binding on the company, notwithstanding cumulative provisions to the same end in the charter: *Simpson* v. *State,* 10 Yer., 525. The general law must be equally obligatory upon the company, notwithstanding other cumulative provisions looking to the same end. The statute, as brought into the Code, sections 1292 and 4918, and the same language is again adopted by the act of 1877, chapter 101, section 3, new Code, section 1483, uses the word "toll-gate," by a not uncommon figure of speech, for the road on which the gate is allowed to be erected. But the meaning of the Legislature is plain that the road shall be kept in repair. The indictment in this case is for failing to keep the road in repair in the way specified as required by law and the terms of the charter. The charter provides that "the road shall have sufficient ditches and culverts to drain off the water, and safe bridges across streams where bridges are necessary." The preponderance of evidence is in favor of the verdict, and the charge is not excepted to.

Affirm the judgment.